McBRIDE (OSBORN v.). See Case No. 10,-593.

McBRIDE (PROCTER v.). See Case No. 11,-441.

## Case No. 8,665.

### In re McBRIEN.

[2 Ben. 513; [1] 2 N. B. R. 197 (Quarto, 73).]

District Court, S. D. New York. Oct. 27, 1868.

EXAMINATION OF BANKRUPT—ORDER—AFFIDAVIT.

Where the assignee of a bankrupt applied for an order for his examination. which was granted, and, after his examination under it had been commenced, the bankrupt moved to vacate the order because it was not founded on affidavit, which motion the register denied: *Held*, that the register's decision was correct.

[Cited in Re Solis, Case No. 13,165; Re Dole, Id. 3,965.]

[2] [The application of John Sedgwick, assignee, &c., of the above named bankrupt. shows: That he is the assignee of the estate and effects of the above named bankrupt, and that he applies for an order that the above named bankrupt attend before James F. Dwight, register, and submit to the examination required by the twenty-sixth section of

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [From 2 N. B. R. 197 (Quarto, 73).]

the bankrupt act [of 1867 (14 Stat. 529)]. John Sedgwick, Assignee.

[I, James F. Dwight, the register in charge of this entitled matter, do hereby certify that in the course of proceedings herein, the following question arose pertinent to the proceedings:

[On the 25th day of May, 1868, Charles McBrien was duly adjudged a bankrupt upon his own petition. On the 22d day of July, 1868, John Sedgwick, who had been duly appointed assignee, made an application in writing (which is hereto attached) for an order that the bankrupt attend at the chambers of this court before me, to submit to the examination required by the twenty-sixth section of the act. The order applied for was issued by me, and the bankrupt, in obedience thereto, attended on the third day of September, 1868, made his formal declaration under oath, and his examination was commenced on that day and adjourned to October 9th, and then to October 13th.

[October 13th, pursuant to adjournment, the bankrupt appeared, and, through his counsel, Robert N. Waite, Esq., moved to vacate the order granted on the 29th July, on the ground that the application for the order to examine the bankrupt should be founded upon an affidavit giving some good and sufficient reason why the order should be granted, and cited, in support of his motion, In re Adams [Case No. 39].

[Mr. Sedgwick, the assignee, was heard in opposition.

[The motion to vacate the order was denied, and the bankrupt, through his counsel, prays that the question may be certified to the judge as to whether the register erred in refusing to grant the motion to vacate the order for the bankrupt's examination, which prayer is granted in accordance with the rules of practice, and this certificate made in conformity thereto.

[By the Register:

[I can see no reason for vacating the order, or why the bankrupt is not properly under examination. Section twenty-six of the bankrupt act says: "The court may, upon the application of the assignee, * * * or without any application, at all times require the bankrupt, upon reasonable notice, to attend and submit to an examination," &c. Neither the law, nor the rules or forms of the supreme court framed under it, have provided that the application shall be under oath; and it would seem, from the use of the word "may," that it is left to the discretion of the court whether to allow the order, and what cause shall be shown for it. The bankrupt is theoretically a ward of the court during the pendency of his case, and may be called upon by the court at all times, without application of any one, to submit to the examination required by the twenty-sixth section, and as the assignee is a quasi officer of the court in each case, it would seem necessary that the court should be satisfied only of the bona

fides of the assignee's application to issue an order thereon for the bankrupt's examination. The assignee is entitled to the fullest information concerning the estate under his charge. Furthermore, in this case the bankrupt is actually under oath, and his examination is progressing, being suspended only pending the decision of this question, and it was not till the third sitting that any objection to the form of the assignee's application was made. I have examined the record of the case of Adams referred to. Which above facts and opinion are respectfully submitted to the judge for his opinion.] [3]

In this case the assignee of the bankrupt made application in writing to the register for an order directing the bankrupt to attend and be examined pursuant to the 26th section of the bankruptcy act. The register made the order, and in pursuance of it the bankrupt attended, and his examination was commenced and then adjourned. On the adjourned day, the bankrupt's counsel moved to vacate the order, because the application for it was not made on affidavit. The register refused to vacate it, and, on the bankrupt's request, certified the question to THE COURT (BLATCHFORD, District Judge), which sustained the ruling of the register.

